## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| DAVELL ARTIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| v. ) | Case No.: 2:17-cv-595 |
| ) | |
| LYON SHIPYARD, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter comes before the Court on Defendant Lyon Shipyard, Inc.'s, ("Defendant")
Motion in Limine and accompanying memorandum. ECF Nos. 108-109. The Motion was
referred to the undersigned United States Magistrate Judge on March 12, 2019. *See* 28 U.S.C. §§
636(b)(1)(B); Fed. R. Civ. P. 72(b); E.D. Va. Local Civ. R. 72. For the reasons stated herein,
Defendant's Motion in Limine, ECF No. 108, is **GRANTED in part** and **DENIED in part**.

This is a nineteen-plaintiff[1] race discrimination action brought against Defendant by
former employees for racially hostile work environment, racially disparate treatment, retaliation,
and wrongful discharge. *See* ECF No. 1 at 94-97; ECF No. 109 at 1-2. On October 18, 2018,
Defendant filed a Motion in Limine to exclude all references to a prior action, *Acosta v. Lyon
Shipyard, Inc.*, No. 2:14cv592, ("*Acosta*") in which Defendant was also sued by twenty-three
former employees for race discrimination, racially hostile work environment, retaliation, and
wrongful discharge. ECF No. 109 at 2; *see Acosta*, No. 2:14cv592 (ECF No. 18 at 132-134).
None of the Plaintiffs in the instant case were plaintiffs in the *Acosta* action, however several

---

[1] Since the filing of Defendant's Motion in Limine, several plaintiffs have been terminated.

Plaintiffs in the instant action were witnesses in *Acosta*, nine Plaintiffs were employed by Defendant during the period relevant in *Acosta*, and many of the same individuals and much of the same type of conduct gave rise to both the *Acosta* action and the instant case. *See* ECF No. 141 at 2-3. That case ultimately settled. ECF No. 109 at 3. Defendant now seeks to prevent "the parties, their respective counsel, and all witnesses from making any reference to or using any pleadings, documents or other writings, testimony or evidence, or commenting in voir dire, opening statement, during trial, and closing, or at any other time whatsoever in the presence of the jury, regarding the prior action filed in this Court by twenty-three different plaintiffs against [Defendant] styled, *Ruben Acosta, et al. v. Lyon Shipyard, Inc., et al.*, Case No. 2:14-cv-592 or the settlement of the claims of the plaintiffs in that action." ECF No. 108 at 1.

## I. Whether Facts and Evidence Uncovered in *Acosta* are Admissible in this Case.

Defendant argues that much of the factual underpinnings of *Acosta* that may be relevant to the instant case occurred more than four years prior to the filing of the instant action and therefore should be excluded because they occurred outside the limitations period. ECF No. 109 at 5. Responsively, Plaintiffs argue the evidence developed in the *Acosta* litigation is relevant to notice, to proving a hostile work environment, and to punitive damages and is not barred by Federal Rule of Evidence 403. ECF No. 141 at 6-11, 16-18. Plaintiffs further argue that employing the evidence uncovered as a result of *Acosta* would not breach the *Acosta* Settlement Agreement.[2] *Id.* at 11-14. Lastly, Plaintiffs argue that events occurring prior to the four-year statute of limitations are admissible and relevant to proving a hostile work environment. *Id.* at 14-15.

---

[2] Defendant did not argue, in the first instance, that the *Acosta* Settlement Agreement would bar Plaintiff's Counsel and *Acosta* plaintiffs from submitting evidence from the *Acosta* case. However, Defendant does make this argument in its reply brief, ECF No. 150 at 5-9, to which Plaintiff filed a sur-reply, ECF No. 163 at 1-2.

Notably, while Defendant's Motion states that Defendant seeks to exclude "documents or other writings, testimony or evidence" uncovered through the *Acosta* litigation, ECF No. 108 at 1, Defendant makes no argument to this effect in his supporting memoranda except to the extent that 1) events outside the limitations period are not admissible, *see* ECF No. 109 at 5, and 2) the *Acosta* Settlement Agreement bars Plaintiffs' Counsel from using evidence from *Acosta, see* ECF No. 150 at 7-9. Therefore, regarding the admissibility of evidence uncovered through *Acosta*, the Court shall address only these two arguments.[3]

First, Defendant argues that Plaintiffs' claims are governed by a four-year limitations period and therefore Plaintiffs may not rely on events that occurred outside of that limitations period. ECF No. 109 at 5. Plaintiffs do not contest that their claims are governed by the four-year limitations period, but rather contend that the Supreme Court has held that the entire scope of the hostile work environment claim may be considered, including behavior alleged to occur outside the limitations period, for the purpose of assessing liability so long as those acts contributed to the hostile work environment within the limitations period. ECF No. 141 at 14 (quoting *AMTRAK v. Morgan*, 536 U.S. 101, 105 (2002)). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *United States v. Verges*, No. 1:13CR222, 2014 WL 559573, at *3 (E.D. Va. Feb. 12, 2014). However, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Id.* Defendant cited no case law to support its position that "Plaintiffs cannot rely on events alleged in . . . the Acosta [sic] action which occurred more than four years before the

---

[3] The Court notes Plaintiffs' broader arguments that the evidence underlying *Acosta* is relevant and not excludable under Federal Rule of Evidence 403. However, Defendant does not argue that this evidence is irrelevant or that its probative value is outweighed by unfair prejudice, and therefore, the Court declines to reach the merits of these issues. Defendant does raise Rules 401 and 403 with respect to other aspects of the *Acosta* matter, but does not do so regarding underlying evidence discovered via the *Acosta* litigation.

Complaint in this action." ECF No. 109 at 5. Further, Defendant never responded to Plaintiffs' argument on this issue. As such, Defendant has failed to demonstrate that this "evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3.[4]

Second, Defendant argues the terms of the *Acosta* Settlement Agreement make clear that "any evidence developed in connection with the Acosta [sic] action is confidential" as Plaintiffs' counsel, who were also plaintiffs' counsel in *Acosta*, "agreed not to use any of that information against [Defendant] in any further litigation." ECF No. 150 at 7. The confidentiality provision of the *Acosta* Settlement Agreement states:

> The Parties and their respective Counsel understand and agree that this Agreement is strictly confidential and the Parties and their Counsel agree not to disclose the terms to any person or entity, except to the Parties' spouses or a significant other, and to the Parties' tax and legal advisers. Defendant Lyon and Named Plaintiffs, and respective Counsel, specifically agree to use only the following language if and when asked about the matters set forth in the Lawsuit and the matters set for in this Agreement: "the matter has been resolved." Further, there shall be no press release, public announcements or other communications (with members of the media or otherwise) about this Agreement or Stipulation of Dismissal, and Counsel agrees not to publish on any websites any reference to the Agreement or Stipulation of Dismissal.

ECF No. 150 at 6 (quoting the confidentiality provision of the *Acosta* Settlement Agreement). Relatedly, Defendant argues that the *Acosta* plaintiffs agreed not to "file, institute, or pursue, or cause or permit to be filed, institute or pursued, any action for damages or any other relief against [Defendant]" under the *Acosta* Settlement Agreement, and should any of the *Acosta* plaintiffs testify on behalf of Plaintiffs in this case they would be assisting in the pursuing of action for damages against Defendant in violation of the Settlement Agreement. *Id.* at 7. Pertinent to this argument is Section 6(b) of the *Acosta* Settlement Agreement, which states:

---

[4] By this finding, the Court does not conclude that such evidence consequently is relevant and admissible, but merely that evidence outside the limitation period is not automatically excludable on that basis; properly authenticated, such evidence may be demonstrated to be relevant and admissible.

> Named Plaintiffs agree, to the fullest extent permitted by law, that each Named Plaintiff will not file, institute or pursue, nor cause to permit to be filed, instituted or pursued, any action for damages or any other relief against [Defendant] arising from, out of or involving any Claim released under this Agreement.

*Id.* at 5 (quoting Section 6(b) of the *Acosta* Settlement Agreement). Plaintiffs argue that this provision is intended to prevent *Acosta* plaintiffs from pursuing damages claims that have been released under the *Acosta* Settlement Agreement, and the claims at issue in the instant litigation have not been released. ECF No. 163 at 1. Defendant has offered no authority for its position that otherwise relevant and admissible evidence should be excluded if inclusion of that evidence would violate the settlement agreement of a different case.[5] Further, Defendant does not argue it is entitled to any special privilege related to or as a result of the *Acosta* Settlement Agreement. The Court does not interpret the Settlement Agreement as precluding the admissibility of relevant facts in this litigation which occurred and were discovered in the context of the *Acosta* litigation. As noted, "[t]he purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Verges*, 2014 WL 559573, at *3. However, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Id.* Because Defendant has failed to offer any authority for the proposition that prohibitions set forth in a settlement agreement create a basis upon which to exclude evidence, Defendant has failed to demonstrate that this "evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3.

Thus, the Court **FINDS** that evidence of the hostile work environment that falls outside the limitations period should not be *per se* excluded. The Court further **FINDS** that Defendant has failed to demonstrate that terms of the *Acosta* Settlement Agreement form a basis upon

---

[5] The Court declines to consider if the anticipated actions by Plaintiffs' counsel or by the *Acosta* plaintiffs in this case would constitute a breach of the *Acosta* Settlement Agreement.

which otherwise relevant evidence may be excluded in this case. Therefore, Defendant's Motion in Limine to exclude evidence uncovered in the earlier *Acosta* action is **DENIED**.

## II. Whether Reference to the Occurrence of the *Acosta* Lawsuit Itself is Admissible.

Defendant argues that the *Acosta* litigation is irrelevant to the instant case and should be excluded as such under Federal Rule of Evidence 401. ECF No. 109 at 3. Alternatively, Defendant argues that, should the Court find *Acosta* relevant, the Court should also find that its probative value is outweighed by its prejudicial effect and exclude it pursuant to Federal Rule of Evidence 403. *Id.* Plaintiffs argue that the existence of the *Acosta* action is relevant to show Defendant was aware of alleged racial harassment in the workplace and relevant to show whether Defendant took adequate responsive measures to prevent future discrimination in response. ECF No. 141 at 7. Plaintiff states that collectively, the facts underlying *Acosta*, the fact of the lawsuit itself, and George Lyon's Guarantee of the *Acosta* settlement are all relevant to prove that Defendant's failure to stop racial harassment was not merely negligent, but was willful or wanton, and would serve to prove punitive damages. *Id.* at 10. To the extent Defendant seeks to exclude evidence that the *Acosta* litigation occurred at all, Plaintiffs argue that a limiting instruction could cure any prejudice to Defendant. *Id.* at 17.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Defendant argues that this evidence should be excluded under Rule 403 because *Acosta* never went to trial, so the voracity of the allegations

6

and claims were never tested or proven. ECF No. 109 at 4. Defendant further argues that admitting evidence of this prior litigation would cause a "'genuine risk that the emotions of a jury will be excited to irrational behavior,'" which would result in unfair prejudice. ECF No. 109 at 3-4 (quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996) and citing *United States v. Blackwood*, 913 F.2d 139, 144 (4th Cir. 1990)). Defendant also argues the fact of the *Acosta* action would "confuse the jury since Plaintiffs would be attempting to substantiate their claims by offering the fact that the Acosta [sic] action was filed as evidence of past bad acts." ECF No. 150 at 4. The Court agrees. Although Plaintiffs' argument that the *Acosta* litigation is relevant to the instant case to prove Plaintiffs' punitive damages has merit, the fact of this prior lawsuit is cumulative of other evidence that could adequately demonstrate Defendant's knowledge and willfulness, and therefore, its probative value is limited at best. The limited probative value of admitting the fact of the *Acosta* litigation into evidence is far outweighed by the potential of unfair prejudice to Defendant and the risk of jury confusion when assessing and distinguishing evidence offered prove liability versus punitive damages. Such prejudice likely could not be cured by a limiting instruction. Thus, the Court **FINDS** that reference to the occurrence of the *Acosta* lawsuit itself is inadmissible. Therefore, Defendant's Motion in Limine to exclude any reference to the fact of the earlier *Acosta* litigation is **GRANTED**.

### III. Whether the *Acosta* Settlement Agreement and/or Mr. Lyon's Guarantee of the Same are Admissible in this Case.

Defendant argues that, in connection with the *Acosta* litigation, the *Acosta* Settlement Agreement and George Lyon's Guarantee should be excluded from the instant case as irrelevant under Federal Rule of Evidence 401, and if found relevant should be excluded pursuant to Federal Rule of Evidence 403. ECF No. 109 at 4. Secondarily, Defendant argues that to allow

Plaintiffs to use the *Acosta* action and its resolution as evidence in the instant matter would breach the confidentiality agreement as memorialized in the *Acosta* Settlement Agreement. *Id.* Third, Defendant contends that Federal Rule of Evidence 408 prohibits Plaintiffs' use of settlement negotiations and settlement agreements, even if such an agreement is between a defendant and a third party. *Id.* at 5.

Responsively, Plaintiffs contend that the fact of the *Acosta* Settlement Agreement and Mr. Lyon's Guarantee of that settlement are relevant to prove Plaintiffs' punitive damages in that they demonstrate Defendant's knowledge and to show its failure to stop racial harassment was willful and wanton.[6] ECF No. 141 at 10, 17. Additionally, Plaintiffs contends that the *Acosta* Settlement Agreement does not limit Plaintiffs' use of the *Acosta* matter as evidence in this case. *Id.* at 11-14. Lastly, Plaintiffs contend that evidence that George Lyon guaranteed the *Acosta* Settlement Agreement is not limited by the terms of the Settlement Agreement nor Federal Rule of Evidence 408. *Id.* at 15-16. To the extent Defendant seeks to exclude evidence that the *Acosta* litigation occurred at all, Plaintiffs argue that a limiting instruction could cure any prejudice to Defendant. *Id.* at 17.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. While the *Acosta* Settlement Agreement and Mr. Lyons' Guarantee may be relevant to the issue of punitive damages, such relevance is

---

[6] Plaintiffs note that they seek only to introduce the fact that *Acosta* Settlement Agreement and Lyon Guarantee exist, but do not seek to introduce the actual documents into evidence.

substantially outweighed by the unfair prejudice to Defendant.  Advising a jury that Defendant

paid a sum of money to another group of plaintiffs and that Mr. Lyon personally guaranteed that

payment, runs the excessive risk that the jury would conclude a similar payment should be made

here.  However, these Plaintiffs all have separate, individual claims, and regardless of the merits

(or lack thereof) of any earlier action, they must individually prove their claims based on matters

in which they were personally involved, not on what may have happened to individuals who

were part of a separate action.  For the reasons articulated in Section II *supra*, the limited

probative value of the *Acosta* settlement and George Lyon's Guarantee are far outweighed by the

potential of unfair prejudice to Defendant and such prejudice could not be cured by a limiting

instruction.  Thus, the Court **FINDS** that, pursuant to Rule 403, reference to the *Acosta*

Settlement and George Lyon's Guarantee is inadmissible.[7]  Therefore, Defendant's Motion in

Limine to exclude any reference to the *Acosta* Settlement and George Lyon's Guarantee is

**GRANTED**.

### IV. Conclusion

For the reasons stated herein, Defendant's Motion in Limine as to evidence uncovered in

the *Acosta* litigation is **DENIED**, and Defendant's Motion in Limine to exclude all reference to

the occurrence of the *Acosta* litigation, *Acosta* Settlement Agreement, and George Lyon's

Guarantee is **GRANTED**.

---

[7] Because Defendant's Motion in Limine to exclude the *Acosta* Settlement and George Lyon's Guarantee under Federal Rule of Evidence 403, the Court need not address Defendant's other arguments that this evidence is inadmissible under Federal Rule of Evidence 408 or that such reference would breach the confidentiality provision of the *Acosta* Settlement Agreement.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 12, 2019