IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| DAVELL ARTIS, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 2:17-cv-595 |
| ) | |
| LYON SHIPYARD, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

On September 18, 2019 the Court issued an Order directing the parties to file certain Federal Rule of Civil Procedure 26(a)(3) pretrial disclosures in advance of the final pretrial conference, scheduled for November 13, 2019. ECF No. 166. Included in that Order was the following direction:

> [T]o the extent either party plans to provide at trial testimony from witnesses by deposition, the deposition designations and any objections thereto shall also be filed on or before October 28, 2019. A copy of any deposition transcripts to which there are objections should be delivered to chambers of the undersigned (not filed) on or before October 28, 2019.

*Id.* at 2. The parties have misinterpreted the Court's Order, necessitating this further Order for clarification. Rather than filing deposition designations by providing the name of the deponent, followed by citations to the page and line of proffered testimony and any objection thereto, and despite the Court's clear direction not to file the deposition transcripts, Plaintiffs instead filed each deposition transcript and indicated their designations by, presumably, highlighting in yellow the relevant excepts. *See* ECF No. 173, attach. 2-21. This manner of designation neither comports

with the Court's Order nor provides a reasonable manner in which the Court can rule on any objections to the proffered testimony.

Consequently, Plaintiffs are **ORDERED** to resubmit deposition designations, with any attendant objections of Defendant, in the following format:

**NAME OF DEPONENT; Date of Deposition**

| From: Page | Line | To: Page | Line | Objection | Ruling |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Further, while Defendant did not proffer any of its own deposition designations, it advised in its objections to Plaintiffs' Rule 26(a)(3) disclosures that it cross-designated parts of the depositions proffered by Plaintiffs "in the event the Court permits the introduction of testimony from transcripts identified by Plaintiffs ..." ECF No. 172 at 2. However, it did so in the same manner as Plaintiffs, by filing the deposition transcripts with the highlighted portions presumably meant to identify its cross-designations. *See id.*, attach. 5-16. It also noted its objections to Plaintiffs' designations by printing them on the transcripts. *Id.* As with Plaintiffs' designations, this manner of designation, and its manner of asserting objections, neither comports with the Court's Order nor provides a reasonable manner in which the Court can rule on objections to the proffered testimony.

Accordingly, it is hereby **ORDERED** that Defendant is to provide to Plaintiffs its cross-designations, in the format shown above, no later than **Noon on November 1, 2019**. Plaintiffs are **ORDERED** to file, in one pleading, their deposition designations in the format shown above,

along with Defendant's objections and counter-designations, no later than **Noon on November 4, 2019**.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
October 30, 2019